**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

**LAVITA H. LYKES**                                                           **PLAINTIFF**

**v.**                                                      **CIVIL ACTION NO. 3:25-CV-368-JHM**

**ADMINISTRATIVE OFFICE OF THE**
**COURTS KENTUCKY** *et al.*                                                 **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

Plaintiff LaVita H. Lykes, proceeding *pro se*, filed the instant action.  Because Plaintiff is proceeding *in forma pauperis*, the Court must undertake a preliminary review of the complaint.  *See* 28 U.S.C. § 1915(e); *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 594 U.S. 199 (2007).  As set forth below, the Court will allow one claim to proceed and dismiss the remaining claims.

**I. SUMMARY OF FACTUAL ALLEGATIONS**

Plaintiff sues the Administrative Office of the Courts; David Nicholson, identified as "OCCC-Circuit Clerk";[1] Lisa Dorsey, identified as "HR Director/Chief Deputy"; Kevin Smalley, for whom Plaintiff does not identify his job title; and David Huckleberry, identified as "Sr HR Administrator/Employee Relations."

On the complaint form, where the form asks for the basis for the Court's jurisdiction, Plaintiff indicates Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act of 1967 (ADEA).  She states that the discriminatory conduct about which she complains is termination of her employment, unequal terms and conditions of her employment, and retaliation.  She asserts that the alleged discriminatory acts occurred between January and July

---

[1] The Court understands that the OCCC is the Office of the Circuit Court Clerk of the Jefferson Circuit Court.  *See* https://www.jeffersonkycourtclerk.com/  (last visited October 29, 2025).

of 2024.  Plaintiff states that Defendants discriminated against her based on her gender/sex and

age, stating that she was born in 1960.

Plaintiff states the following:

In summary this entire situation is about retaliation, harassment, intimidation, workplace bullying, hostile work environment, favoritism, defamation of character and integrity because of the fact that I have not been able to be manipulated and allow the OCCC management team to bully me and because I Spoke up against all of the "WRONG DOING," against me and that I filed the EEOC complaint against the Administrative Office of the Courts.

It also shows that because I contacted The Office of the AOC and EEOC the retaliation, harassment, intimidation, workplace bullying, hostile work environment, favoritism, defamation of character and integrity continued for months.  I have never in the 6.5 of the 7 years/8 months of employment had any problems.  It had already been stated, "Although I had nothing in my file," then I was placed on a six month probation for my conduct and behavior for asking three questions, to which they never advised what I had done until they began making things up and then all of a sudden I am accused of being disrespectful to coworkers only because I did not allow one new deputy clerk to call me by another name, and because I left a note on the computer when I had to go to the ladies room and it was found.  The letter or note found was only proving the behavior of the Expungement Information Processing Department.

Plaintiff states that there were no annual evaluations done to show where employees need

to improve and that she has never "been accused of behavior issues . . . until my note taking was

discovered and the blatant lies that were said about me."  She asserts, "This is why I included

defamation of character and integrity in the charges against the AOC and OCCC."  She further

states that she filed an "appeal" and that Defendant Huckleberry informed her that the appeal was

not timely, but that in fact it was timely.  Plaintiff attaches her right-to-sue letter issued by the

Equal Employment Opportunity Commission.

As relief, Plaintiff seeks compensatory and punitive damages and that she be "assign[ed]

to a position."

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action.  28 U.S.C. § 1915(e); *McGore*, 114 F.3d at 608-09.  Upon review, the Court must dismiss a case at any time if it determines that an action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B).  To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Further, although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations."  *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).  And this Court is not required to create a claim for Plaintiff.  *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).  To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party."  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

#### A. *Federal claims*

#### *1. Discrimination*

Plaintiff alleges discrimination based on her gender and age in violation of Title VII and the ADEA. Title VII makes it unlawful for an employer "to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1). The ADEA "prohibits an employer from 'discharg[ing] any individual or otherwise discriminat[ing] against any individual with respect to h[er] compensation, terms, conditions, or privileges of employment, because of such individual's age.'" *Russell v. AAA Limo*, No. 2:15-cv-02455-JPM-tmp, 2016 WL 874770, at *4 (W.D. Tenn. Feb. 17, 2016) (quoting 29 U.S.C. § 623(a)(1)). These prohibitions apply to "individuals who are at least 40 years of age." 29 U.S.C. § 631(a).

The Court finds Plaintiff's allegations of gender and age discrimination are wholly conclusory and not entitled to the presumption of truth. *See Followell v. Mills*, 317 F. App'x 501, 505 (6th Cir. 2009) ("Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice."); *Gregory v. Shelby Cnty. Tenn.*, 220 F.3d 433, 446 (6th Cir. 2000) ("[W]e need not accept as true legal conclusions or unwarranted factual inferences."). Plaintiff alleges in the complaint that the adverse actions were taken against her "for asking three questions, to which they never advised what I had done until they began making things up and then all of a sudden I am accused of being disrespectful to coworkers only because I did not allow one new deputy clerk to call me by another name, and because I left a note on the computer when I had to go to the ladies room and it was found." Broadly construing the complaint, the Court finds no

allegations to support a plausible claim that Plaintiff was discriminated against because of her gender or age. It appears that the adverse actions she alleges were caused by disagreements with other staff. Therefore, Plaintiff's gender and age discrimination claims will be dismissed for failure to state a claim upon which relief may be granted.

### 2. Retaliation

Title VII also makes it unlawful to retaliate against employees for engaging in protected conduct. 42 U.S.C. § 2000e-3(a). Upon review, <u>the Court finds that Plaintiff has stated sufficient facts to support a claim for retaliation under Title VII and will allow this claim to proceed against her employer, the Administrative Office of the Courts</u>.

However, Plaintiff also sues four individuals whom the Court construes as Plaintiff's supervisors or coworkers. A claim under Title VII may only be brought against the plaintiff's employer. Therefore, Plaintiff's claims against her supervisors and/or coworkers must be dismissed. *See, e.g.*, *Hunt v. Wood Pers. Servs.*, No. 3:20-cv-00053, 2020 U.S. Dist. LEXIS 42269, at *7-8 (M.D. Tenn. Mar. 11, 2020) ("Title VII claims are properly brought against employers, and they 'can only proceed against individuals who otherwise qualify as employers.'") (quoting *Johnson v. Univ. of Cincinnati*, 215 F.3d 561, 571 (6th Cir. 2000)); *Ford v. Tenn. Human Rights Comm'n*, No. 99–5415, 2000 U.S. App. LEXIS 1383, at *3-4 (6th Cir. Jan. 28, 2000) (finding Title VII claims not cognizable against individual employees or supervisor); *Gamble v. Sitel Operating Corp.*, No. 15-2789, 2015 U.S. Dist. LEXIS 177649, at *9 (W.D. Tenn. Dec. 17, 2015) ("There is no remedy under Title VII or under the ADA against a co-worker or supervisor in his or her individual capacity.") (citations omitted), *report and recommendation adopted*, No. 15-cv-2789-SHL-DKV, 2016 U.S. Dist. LEXIS 51932 (W.D. Tenn. Apr. 19, 2016).

Accordingly, Plaintiff's claims against Defendants Nicholson, Dorsey, Smalley, and Huckleberry will be dismissed for failure to state a claim upon which relief may be granted.

### B. State claim

Plaintiff also states that she is bringing a claim for defamation of character. A claim for defamation of character under Kentucky law requires the showing of four elements: (a) a false and defamatory statement concerning another; (b) an unprivileged publication to a third party; (c) fault amounting at least to negligence on the part of the publisher; and (d) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication. *Sandmann v. N.Y. Times Co.*, 78 F.4th 319, 329 (6th Cir. 2023) (quoting *Toler v. Süd-Chemie, Inc.*, 458 S.W.3d 276, 282 (Ky. 2014)).

The Court has reviewed the complaint and finds that Plaintiff's allegations of defamation of character are too broad and conclusory to support a claim. *See Iqbal*, 556 U.S. at 678 (pleading not sufficient if it offers "'labels and conclusions'" or if it tenders 'naked assertion[s]' devoid of 'further factual enhancement'") (quoting *Twombly*, 550 U.S. at 555, 557). She does not identify what the alleged false or defamatory statement was or who made it, identify where or how it was published, or any other facts to meet the elements of a defamation claim. Therefore, Plaintiff's defamation of character claim must also be dismissed for failure to state a claim upon which relief may be granted.

### IV. CONCLUSION AND ORDER

For the foregoing reasons, **IT IS ORDERED** that Plaintiff's claims for gender and age discrimination under Title VII and ADEA; her claims against Defendants Nicholson, Dorsey, Smalley, and Huckleberry; and her defamation of character claim are **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

7

Because no claims remain against them, the **Clerk of Court** is **DIRECTED** to **terminate Defendants Nicholson, Dorsey, Smalley, and Huckleberry as parties to this action.**

The Court will enter a separate Service and Referral Order regarding the claim the Court allowed to proceed—the Title VII retaliation claim against the Administrative Office of the Courts. In allowing this claim to proceed, the Court passes no judgment upon its merit or upon the ultimate outcome of this action.

Date:   November 3, 2025

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:   Plaintiff, *pro se*
        Defendant Administrative Office of the Courts
4414.010